```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------x
BIENVENIDO FRANCO,                 :

             Petitioner,           :    09 Civ. 7231 (LMM)

        - v -                      :    MEMORANDUM AND ORDER

UNITED STATES OF AMERICA,          :

             Respondent.           :
-----------------------------------x
```

McKENNA, D.J.

**1.**

Petitioner Bienvenido Franco was convicted in 2003 of conspiring to distribute and to possess with intent to distribute, cocaine, in violation of 21 U.S.C. § 846. (Judgment, Aug. 22, 2003 (Ward Decl., Nov. 4, 2009, Ex. 3).) At the time of his arrest in 2000, agents of the Drug Enforcement Administration ("DEA") seized currency in the amounts of $2,809 (Gov't Mem., Nov. 4, 2009, at 5), and $43,143 (id. at 7), from, respectively, his person and his place of residence.[1]

---

[1] Petitioner asserts the seizure of slightly smaller amounts of currency, $2,803 and $41,000 (Mot. for Return of Seized Property, Apr. 28, 2009, at 2.) The Court accepts the government's amounts.
    Petitioner also claims that miscellaneous personal property of his girlfriend was seized on the same occasion. (Id.)

**2.**

21 U.S.C. § 881(a)(6) allows the government to seize and forfeit any item of value furnished or intended to be furnished in exchange for a controlled substance and all proceeds of such an exchange. Where the value of the seized property is less than $500,000 (as here), an administrative forfeiture proceeding is authorized. 19 U.S.C. § 1607. In an administrative forfeiture proceeding:

> Upon the seizure of property intended for forfeiture, proper notice to this effect must be provided "to each party who appears to have an interest in the seized article." 19 U.S.C. § 1607(a); see 21 U.S.C. § 881(d). Once properly noticed, an interested party has twenty days to contest the forfeiture by filing a claim of interest with the seizing entity. See 19 U.S.C. § 1608. Doing so terminates the administrative forfeiture and converts the process into a judicial forfeiture. See 19 U.S.C. §§ 1603(b), 1608; 21 U.S.C. § 881(d). Otherwise, the property seized shall be deemed forfeited at the end of twenty-day period. See 19 U.S.C. § 1609.

United States v. Arthur, 263 F. Supp. 2d 703, 704-05 (S.D.N.Y. 2003) (citation omitted).

**3.**

Petitioner, pro se, moves for the return of the currency and the personal property (Docket No. 1), which motion is construed to be a motion under Fed. R. Crim. P. 41(g). "A Rule 41(g) motion that is brought after the criminal proceeding is over [as here] is

treated as a civil equitable action." Diaz v. United States, 517 F.3d 608, 610 (2d Cir. 2008) (citations omitted).

The government moves under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for dismissal of the complaint. (Docket Nos. 5 & 6.)

Petitioner, in response, moves pursuant to Fed. R. Civ. P. 60(b) and 5 U.S.C. § 701 for invalidation of the administrative forfeiture proceeding relating to the currency. (Docket No. 14.)

The Court liberally construes petitioner's pro se submissions. Diaz, 517 F.3d at 613.

**4.**

In the present case, the seizing agency, the DEA, attempted to give petitioner notice at several addresses where, the Court accepts arguendo, petitioner was not, at the relevant time, residing.

Notices of the seizures were caused by the DEA to be published in the Wall Street Journal, on March 20 and 27, and April 3, 2000 (Hieronymus Decl., Nov. 2, 2009, ¶¶ 4(g) & 5(d)). Written notices were sent to petitioner at the Metropolitan Correctional Center ("MCC") in New York, certified mail, return receipt requested, in the case of the $2,809 forfeiture on April 19, 2000 (id. ¶ 5(e)), and in the case of the $43,143 forfeiture on April 25, 2000. (Id. ¶ 4(h).) Receipt of both

3

notices was acknowledged by MCC by a signature of an individual. (Id. ¶¶ 5(e) & 4(h).)

Petitioner argues, as to the notice sent to MCC on April 25, 2000, that he personally did not receive it. (Pl. Mem. in Opp., Nov. 23, 2009, at 9-10.) But that, in the present context, is not relevant, because the DEA's sending of the notice to petitioner at MCC was an effort "reasonably calculated" to apprise petitioner of the forfeiture proceedings, and his rights therein: due process was observed, and the notice was legally effective. Dusenbery v. United States, 534 U.S. 161, 170-71 (2002) (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 315 (1950)). See also Arthur, 263 F. Supp. 2d at 705. Petitioner does not state that the April 19, 2000 notice did not reach him at MCC.

"A district court's jurisdiction to review a forfeiture proceeding 'is limited to determining whether the agency followed the proper procedural safeguards when it declared [plaintiff's] property forfeited.'" Reyes v. United States Drug Enforcement Administration, 217 Fed. App'x 90 (2d Cir. 2007) (quoting United States v. One 1987 Jeep Wrangler, 972 F.2d 472, 480 (2d Cir. 1992)). Here, the government has shown that it followed the proper procedural safeguards, and that petitioner did not submit a timely claim.

4

Since "[a]n administrative forfeiture removes the res from the district court's in rem jurisdiction," leaving the Court only the issue whether "the forfeiture was procedurally deficient," Arthur, 263 F. Supp. 2d at 705 (citations omitted), and since the Court has determined that the forfeiture was not procedurally deficient, the Court's jurisdiction is exhausted.

Petitioner's claim as to his girlfriend's property is moot, the government having agreed to return all such non-drug personal property in its possession upon being supplied with an address to which to send it. (Gov't Mem., Nov. 4, 2009, at 2-3.)

\*   \*   \*

The government's motion for dismissal is granted and petitioner's motion is denied.

Dated: June 8, 2011

SO ORDERED.

_____
Lawrence M. McKenna
U.S.D.J.